Stephen C. Mackey
Towe, Ball, Enright, Mackey
& Sommerfeld, P.L.L.P.
2525 Sixth Avenue North
P.O. Box 30457
Billings, MT 59107-0457
(406) 248-7337
Facsimile: (406) 248-2647
smackey@tbems.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| HYUNDAI MOTOR FINANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. CV 09-91-BLG-RFC-CSO |
| vs. | ) ) | **DEFENDANT'S PRELIMINARY** |
| R. NICK GUTIERREZ, | ) ) | **PRETRIAL STATEMENT** |
| Defendant. | ) | |

COMES NOW, the Defendant to present Defendant's Preliminary Pretrial Statement, in accord with Local Rule 16.2(b)(1), of the Federal Rules of Civil Procedure as follows:

A.   <u>Factual Basis of the Case</u>:

The case is initially brought by the Plaintiff to recover on a guaranty signed by the Defendant for certain financing provided by the Plaintiff to Incredible Kia.

1

Defendant anticipates the filing of a counterclaim against the Plaintiff arising from its breach of the lending agreement by cutting off or delaying payment to Incredible Kia in September, 2006 in violation of the terms of the lending agreement, and by unlawfully interfering with Incredible Kia's contractual, business and prospective business relations.  HMFC occupied the Kia dealership, interfering with its sales activities in October, 2006.  HMFC's actions caused the loss of employees, customers and business.  The amount of the loss in September was approximately $230,000.  HFMC also unilaterally changed the terms of the agreement to Incredible Kia's disadvantage and loss.

The actions of HMCF also decreased the value of the dealership in a prospective sale to another local business concern, in the approximate amount of $375,000.

The Plaintiff also delayed or refused to complete the terms of a stipulation that had been reached by it with Incredible Kia and others in the Incredible Kia bankruptcy case, which resulted in or contributed to the failure of Incredible Kia's ability to complete its reorganization and payment of the underlying obligation to the Plaintiff.

Furthermore, HMFC did not dispose of the collateral in a commercially reasonable manner, by using an auction company with whom

2

it had an existing relationship or arrangements, rather disposing of the collateral in Denver at the more commercially reasonable venue for such a dispersion sale.

B.   Jurisdiction and Venue:

Jurisdiction of this case lies in the United States District Court for the District of Montana pursuant to 28 USC §1332(a) for the reason that there is diversity of citizenship because all of the Plaintiffs are citizens of states different from the citizenship of all of the Defendants; and the amount in controversy exceeds the amount of $75,000.00, exclusive of interest and costs.

Venue of the case is properly in this Court under 28 USC §1391(a), and this Division, for the reason that a substantial part of the events or omissions giving rise to the claims herein occurred in Yellowstone County, Montana.

C.   Factual Basis for Defenses:

Defendant denies that the principal debtor under the financing arrangement defaulted under the terms thereof and that the Plaintiff improperly declared a default.  The Plaintiff improperly seized and disposed of the security under the Uniform Commercial Code by failing to provide

proper notice and by failing to conduct the disposition of it in a commercially reasonable manner.

The correct principal amount was less than the amount alleged, and is believed to be, if any, between zero and a maximum of approximately $14,000.

The interest was calculated incorrectly, and is believed to be excessive for the amount, if any, of the principal balance.

The attorney fees claimed are excessive and unreasonable for the amount and nature of the services reasonably necessary, if at all.

Potential counterclaim:  The actions of the Plaintiff in terminating or interrupting the floor financing caused the principal obligor to incur short term cash flow and resulted in the events that the Plaintiff alleged as defaults under the underlying financing arrangements. The actions of the Plaintiff caused the failure of the principal debtor, resulted in losses to the defendant, and also resulted in recovery of substantially less in collateral and business sale than would have occurred without such actions and interference, as described above.

D.   Legal Theories Underlying Defense:

Theories for the defense arise under statutory and common law principles of guaranty, and surety, and the defenses thereto.  Title 28,

Chapter 11, M.C.A. Also, Uniform Commercial Code, Secured Transactions, Title 30, Chapter 9A, M.C.A.

Legal theories for the anticipated counterclaim are typical law relating to breach of contract, lender liability, breach of the covenant of good faith and fair dealing, and interference with contract, business relations and prospective business relations. See, e.g., <u>Precision Theatrical Effects, Inc. vs. United Banks, NA</u>, 333 Mont 505, 143 P3d 442 (2006); <u>Maloney vs. Home and Investment Center</u>, 298 Mont 213, 994 P2d 1124 (2000); <u>Farrington vs. Buttery Food and Drug Stores Co.</u>, 272 Mont 140, 900 P2d 277 (1995).

E.   <u>Computation of Damages:</u>

Plaintiff's damages, if any, would simply be any remaining balance of principal after application of proper amounts for proceeds from liquidation of collateral, and payment if interest. Costs of disposition should be commercially reasonable and necessary. Application of liquidation proceeds, other payments and credits should have been applied as soon as received or identified. Avoidable, unreasonable and unnecessary legal expenses are not the responsibility of the Defendant. Defendant's damages from the counterclaim should be offset against any amount found to be due to the Plaintiff. Computation of the damages will require

completion of discovery and recovery of numerous financial records in the possession of these and third parties.

F. <u>Pendency or Disposition of Related Litigation:</u>

Incredible Kia filed for Chapter 11 Reorganization in 2006 in the United States Bankruptcy Court for the District of Montana (Case # BK-06-60855-RBK), which was converted to a Chapter 7 case in 2007.

That case was closed on October 22, 2008. This Defendant is under indictment in the United States District Court for the District of Montana, Case #09-CR-00072-RFC. The case is pending.

G. <u>Proposed Stipulations of Fact and Applicable Law:</u>

Other than the allegations of the Complaint that have been admitted in his Answer, the Defendant is not aware of other facts that might be stipulated in this case until discovery is completed. The law of the State of Montana should apply in this diversity case.

H. <u>Proposed Deadline for Joinder of Parties or Amendment of Pleadings:</u>

Defendant proposes that the parties have until November 30, 2009 to join other parties and/or amend pleadings.

I. <u>Issues of Law Suitable for Pretrial Disposition:</u>

Defendant is not aware of such issues at this time.

J. <u>Identification of Persons believed to Have Relevant Information:</u>

Persons presently believed to have knowledge of relevant information are:

1. Nick Gutierrez, Defendant

2. Clarke Rice, 1809 Lyndale Ln, Billings MT (possibly part privileged)

3. Jody Stevens, Billings, MT

4. Tim Cornelison (sp?), believed to be in Seattle, WA

5. Dale Uenow (sp?), HMFC

6. Wm. Needler, Chicago (possibly partially privileged)

7. Former employees of Incredible Kia

8. Craig Martinson, Billings, MT (possibly privileged)

9. Various attorneys and staff, Holland and Hart Law Firm

10. Persons listed by Plaintiff

11. Others to be identified as issues and discovery develop

K. <u>Relevant Documents.</u>

Relevant documents will include:

1. Bankruptcy Court filings and exhibits

2. Documents identified by Plaintiff

3. Documents seized or possessed in U.S. Attorney's office

4. Incredible books and records

  5. Records in possession of Plaintiff

  6. Time and billing details and records, correspondence and internal memoranda of Plaintiff's law firm(s)

L. <u>Insurance</u>:

None/Not applicable.

M. <u>Settlement Discussions:</u>

Some correspondence has taken place between counsel regarding the amount the plaintiff's claim, but has not proceeded to any settlement proposals.

N. <u>Special Procedures:</u>

Defendant is not aware of any special procedures that might apply to this matter.

Dated this 26th day of October, 2009.

        TOWE, BALL, ENRIGHT, MACKEY
        & SOMMERFELD, P.L.L.P.


        BY <u>/s/ Stephen C. Mackey</u>
         STEPHEN C. MACKEY
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that, on October 26, 2009, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2,  </u> CM/ECF
<u>      </u> Hand Delivery
<u>      </u> Mail
<u>      </u> Overnight Delivery Service
<u>      </u> Fax
<u>      </u> E-Mail

1. Clerk, U.S. District Court

2. Shane P. Coleman
   Michael P. Manning
   Holland & Hart LLP

                                        <u>/s/ Stephen C. Mackey</u>
                                        Stephen C. Mackey
                                        Attorney for Defendant